UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>WEN-BING SOONG,<br><br>    Respondent.<br>_____/<br><br>UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>HSIN-JUNG SHIRLEY SOONG,<br><br>    Respondent.<br>_____/ | No. C-13-4088 EMC<br><br>**RELATED TO**<br><br>No. C-13-4089 EMC<br><br>**ORDER DENYING RESPONDENTS' MOTION FOR CERTIFICATION OF ORDER**<br><br>**(Docket No. 32, C-13-4088)**<br>**(Docket No. 30, C-13-4089)** |

    Respondents Wen-Bing and Hsin-Jung Soong have asked this Court to certify its order of February 7, 2014, for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court deems this matter suitable for disposition without oral argument. The Soongs' motion is **DENIED**.

## I. DISCUSSION

    The IRS initiated the above-referenced actions against the Soongs, asking the Court to enforce IRS summonses that had been issued to them. The Soongs responded by filing a motion to dismiss based on improper service of process. On February 7, 2014, the Court held a hearing on the motion and denied it, concluding that the government had made a prima facie showing that service

was properly made. The Court did not issue a written order but rather ruled from the bench. This is the order that the Soongs now ask to be certified for an interlocutory appeal.

Section 1292(b) governs interlocutory appeals. It provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

> As the language of the statute indicates, there are three factors that a trial court considers in determining whether certification of an interlocutory appeal is appropriate: (1) whether the moving party seeks to appeal an order involving a controlling question of law; (2) whether there is substantial ground for difference of opinion on that legal question; and (3) whether an immediate appeal on that legal question may materially advance the ultimate termination of the litigation.

*Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2009 U.S. Dist. LEXIS 113208, at *2-3 (N.D. Cal. Nov. 20, 2009).

The Soongs' motion fails based on the first factor alone. More specifically, the Soongs have failed to establish that they are seeking to appeal an order involving a question of law. Rather, at bottom, the Soongs are simply arguing that the Court misapplied the existing law to the facts at hand. *See* Mot. at 7 (arguing that the "the court incorrectly *applied* Rule 4(e)(2) rather than the actually required Rule 4(f)" and that, "even if Rule 4(e)(2) is the proper standard, . . . the Court *misapplied* that standard and erred as a matter of law by finding that the IRS made a prima facie showing of proper service") (emphasis added); Reply at 2 (stating that "[o]ur fundamental position is that the court erred as a matter of law in *applying* the 'usual place of abode' standard of Rule 4(e) to begin with[;] Rule 4(f) contains the only provisions by which service may be accomplished in this matter") (emphasis added). Where a party simply asserts that there has been a misapplication of law to the facts, § 1292(b) does not provide for relief. *See, e.g.*, *McFarlin v. Conseco Services, LLC*, 381

2

F.3d 1251, 1259 (11th Cir. 2004) (stating that "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case"); *In re Novatel Wireless Secs. Litig.*, No. 08cv1689 AJB (RBB), 2013 U.S. Dist. LEXIS 164725, at *5 (S.D. Cal. Nov. 19, 2013) (noting that "a number of other courts have stated the term [question of law] means a 'pure question of law' rather than a mixed question of law and fact or the application of law to a particular set of facts"); *SEC v. Gruss*, No. 11 Civ. 2420, 2012 U.S. Dist. LEXIS 114007, at *7-8 (S.D.N.Y. Aug. 13, 2012) (indicating that, even where there is a legal issue, if it is "'essentially fact based in nature, interlocutory appeal is inappropriate'"); *cf. Ahrenholz v. Board of Trustees*, 219 F.3d 674, 676 (7th Cir. 2000) (stating that "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to the question whether the party opposing summary judgment had raised a genuine issue of material fact"); 5-23 Moore's Fed. Prac. – Civ. § 23.88[2][a] (stating that "[m]ost [class] certification decisions involve application of Rule 23(a) and (b) standards to the facts of the case and the court's exercise of discretion on those facts").

Furthermore, as the government argues, an appeal would not materially advance the ultimate termination of the litigation (*i.e.*, the third § 1292 factor) because, even if the Soongs were correct that service of process was defective, that would not preclude the government from perfecting service through another means. *See Yao v. Crisnic Fund, S.A.*, No. SACV 10-1299 AG (JCGx), 2011 U.S. Dist. LEXIS 97358, at *6 (C.D. Cal. Aug. 29, 2011) (stating that "[d]ismissal of a complaint for insufficiency of process is inappropriate when there is a reasonable prospect that service may be obtained[;] [i]n such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service").

The Court notes that, even if it were to liberally construe the Soongs' motion as one for leave to file a motion to reconsider, *see* Civ. L.R. 7-9(b), it would still deny the Soongs relief.

In essence, the Soongs dispute that Federal Rule of Civil Procedure 4(e) has any application to them because the rule applies only where the individual is within a judicial district of the United States and, here, they reside outside the United States. According to the Soongs, Rule 4(f) – which

3

covers service on an individual in a foreign country – is applicable instead. But even if the Soongs were actually in Taiwan at the time of service, that does not mean that Rule 4(f) should necessarily apply. That does not mean that the Oregon Street address – in the United States – was not still their dwelling or usual place of abode.

A "person can have more than one dwelling house or usual place of abode for purposes of [Rule 4(e)(2)]." *Stars' Desert Inn Hotel & Country Club v. Hwang*, 105 F.3d 521, 527 (9th Cir. 1997); *see also Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir. 1991) (stating that, "'in a highly mobile and affluent society, it is unrealistic to interpret [then-]Rule 4(d)(1) so that the person to be served has only one dwelling house or usual place of abode at which process may be left"). The critical question is whether a place (here, the Oregon Street address) has "sufficient indicia of permanence" – *i.e.*, it is not a temporary residence. *Id.*

In this case, as the Court noted at the hearing, the government has made a prima facie showing that there is sufficient indicia of permanence with respect to the Oregon Street address. For example, when the Revenue Officer served the documents at the Oregon Street address, the Soongs' son, Henry, told the Revenue Office that "his parents were currently 'traveling.'" Palmer Decl. ¶ 11. Henry did not make any statement that his parents did not reside at the address. Notably, even Henry's reply declaration submitted in support of the Soongs' original motion to dismiss did not dispute that he made the "traveling" statement to the Revenue Officer. While Henry claimed in the declaration that he resides at the Oregon Street address alone and that his parents have not resided there since 2009, *see* Henry Soong Decl. ¶ 3, that does not negate the fact that the government has still made out a prima facie case of permanence based on Henry's earlier express statement to the Revenue Officer. The Court underscores that, at this juncture in the proceedings, the government need only establish a prima facie case of proper service – nothing more. *See United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 880 (Fed. Cir. 1997) (stating that where motion to dismiss under Rule 12(b)(5) is decided without an evidentiary hearing, plaintiff "had only to make a prima facie case of proper service in order to survive the motion"); *Power Integrations, Inc. v. Sys. Gen. Corp.*, No. No. C 04-02581 JSW, 2004 U.S. Dist. LEXIS 25414, at *3-4 (N.D. Cal. Dec. 7, 2004) (noting the same); *cf. S.E.C. v. Internet Solns. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007) (stating that

1  "[a] signed return of service constitutes prima facie evidence of valid service which can be
2  overcome only by strong and convincing evidence").

3  Moreover, Henry's "traveling" statement is not the only evidence in support of the
4  government's prima facie case of permanence. During an audit in the 2007 or 2008 timeframe, "the
5  Soongs represented they were traveling to Taiwan from time to time but they did not represent that
6  they were never returning to the U.S." Docket No. 27-3 (Gee Decl. ¶ 11). Furthermore, the Soongs'
7  filed tax returns for 2004-2012 used the Oregon Street address. *See* Newman Decl. ¶ 5.

8  In their papers, the Soongs argued that taxpayers often "use addresses not their own as a
9  convenience to both themselves and the IRS. For example, entertainers and other individuals
10 regularly use their business managers' or accountants' address as their own on tax returns . . . to
11 avoid the dissemination of their home address." Docket No. 28 (Reply at 4). But the Soongs
12 offered no evidence to support that claim. Furthermore, as the government argued, the Form 1040
13 instructions indicate that a person is to use his or her home address on a tax return and that a foreign
14 address can be used as a home address. *See*
15 http://www.irs.gov/instructions/i1040/ar01.html#d0e1713 (last visited February 21, 2014) (2012
16 instructions for Form 1040) (stating, *inter alia*: "If you plan *to move* after filing your return, use
17 Form 8822 to notify the IRS of your new address," "[e]nter your [P.O.] box number only if your post
18 office does not deliver mail to *your home*," and, "[i]f you have a foreign address, enter the city name
19 on the appropriate line") (emphasis added). The Soongs could have used, but did not use, a foreign
20 address instead of the Oregon Street address.

21 While the above evidence is sufficient to make out a prima facie showing, the Court takes
22 note that the government has now provided additional evidence which further supports the Court's
23 order concluding that the Oregon Street address is the Soongs' dwelling or usual place of abode.
24 More specifically, "[i]n early February, the California Franchise Tax Board responded to [the IRS's]
25 requests for information filed by the Soongs," and the 2011 and 2012 California tax filings show that
26 the Soongs filed the tax forms for *residents* of California, not nonresidents. *See* Balu Decl. ¶ 9 &
27 Ex. 4.

28 The Soongs try to downplay this evidence, arguing:

5

> Fundamentally, California residency determinations are complicated and frequently litigated. There is no reason to believe that Taiwanese residents, who have a limited understanding of the English language, comprehended the differences between a California Form 540, which they filed while they were residents until 2007, and a California Form 540-NR, which should have been filed after their departure from the United States.

Reply at 6. But this argument is not very compelling, particularly because the record shows that the Soongs were easily able to hire persons to assist them with their tax filings. Moreover, even if there evidence to support their argument (and none has been submitted), the government need only establish a prima facie case of residency.

Because the government established a prima facie case that the Oregon Street address is the Soongs' dwelling or usual place of abode (*i.e.*, not a temporary residence) and the Oregon Street address is within the United States, that is enough to implicate Rule 4(e) – *i.e.*, service on "an Individual Within a Judicial District of the United States."[1] Fed. R. Civ. P. 4(e); *cf. Jaffe & Asher v. Van Brunt*, 158 F.R.D. 278, 280 (S.D.N.Y. 1994) (stating that, although defendant "*was not actually staying at 4 William Street when service of the summons and complaint was made*, I find sufficient indicia of permanence at that location to make plaintiff's service there reasonably calculated to provide [defendant] with actual notice of the action[;] [defendant] stays at that address when he is in the New York area, and maintains a private bedroom, clothes and a phone line at that address" and further "receives mail there, including brokerage statements, which his mother forwards to him in California") (emphasis added).

Finally, the Court notes that, as the government argued in its prior briefs, "a defendant who has repeatedly represented to either the plaintiff or to outside parties that one residence is his place of usual abode may be estopped from later contesting that said residence was the proper location for service of process."[2] *craigslist, Inc. v. Hubert*, 278 F.R.D. 510 (N.D. Cal. 2011) (Ware, J.); *see also*

---

[1] And once Rule 4(e) was implicated, the government could also serve the Soongs pursuant to state law, and, under California Code of Civil Procedure § 415.20(b), substitute service is allowed on a person's dwelling house, usual place of abode, *or usual mailing address*. *See* Cal. Code Civ. Proc. § 415.20(b).

[2] While Plaintiffs are right that this kind of estoppel is not judicial estoppel, it does not mean this kind of estoppel is not applicable.

*Jaffe & Asher*, 158 F.R.D. at 280 (stating that, "even if 4 William street were not one of [defendant's] 'usual places of abode,' his numerous representations that that location was his address estop him from challenging service there"); *Overseas Private Inv. Corp. v. Furman*, No. 10 Civ. 7096 (RJS), 2012 U.S. Dist. LEXIS 39617, at *19 (S.D.N.Y. Mar. 14, 2012) (stating that "Furman does not support his mother's conclusory statements with any statements of his own, or with any more detailed factual representations that could overcome Plaintiff's showing or explain why Plaintiff was not entitled to rely on the address provided by Furman when he executed the Guaranty"); *cf. Sartor v. Utica Taxi Ctr., Inc.*, 260 F. Supp. 2d 670, 678 (S.D.N.Y. 2003) (noting that "[t]he record contains substantial evidence establishing that Toussaint held out 465 Utica Avenue as his actual place of business for the purpose of correspondence and other activities related to his taxi operations" and, "[h]aving induced reliance on those representations, he is estopped from denying the propriety of that address for the purpose of service of process").

## II. CONCLUSION

For the foregoing reasons, the Court denies the Soongs' motion for certification. To the extent the government has suggested that the Court "should declare service at the [Oregon Street] address satisfied Rule 4(f)(3)," Opp'n at 9, the Court declines to make any such ruling in the absence of full briefing on the issue. This ruling does not preclude the government from seeking such relief in the future, if necessary.

This order disposes of Docket No. 32 in C-13-4088 and Docket No. 30 in C-13-4089.

IT IS SO ORDERED.

Dated: March 10, 2014

_____
EDWARD M. CHEN
United States District Judge