UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C-13-4088 EMC |
| Petitioner, | **RELATED TO** |
| v. | No. C-13-4089 EMC |
| WEN-BING SOONG, | |
| Respondent. _____/ | **ORDER GRANTING PETITIONER UNITED STATES OF AMERICA'S PETITIONS TO ENFORCE IRS SUMMONSES** |
| UNITED STATES OF AMERICA, | |
| Petitioner, | |
| v. | |
| HSIN-JUNG SHIRLEY SOONG, | |
| Respondent. _____/ | |

Currently pending before the Court are the government's petitions to enforce IRS summonses issued against Respondents Wen-Bing Soong and Hsin-Jung Shirley Soong, husband and wife. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **GRANTS** the petitions.

## I. FACTUAL & PROCEDURAL BACKGROUND

Previously, the Soongs moved the Court to dismiss the petitions on the basis that they had not been properly served. The Court denied the motion (as reflected in a minute order) on February 7, 2014, concluding that the government had established a prima facie case that the Oregon Street address is the Soongs' dwelling or usual place of abode. *See* Docket No. 29 (minute order). On the

same day, the Court also ordered the Soongs to file – no later than February 20, 2014 – a substantive response to the petitions to enforce summonses. *See* Docket No. 29 (minute order). The hearing on the substantive response was set for March 27, 2014.

On February 13, 2014, *i.e.*, one week before their substantive response was due, the Soongs filed a motion for an interlocutory appeal. *See* Docket No. 32 (motion). More specifically, the Soongs asked the Court to certify for an interlocutory appeal its order finding that the government had established a prima facie case of proper service. A week later, on February 20, 2014, the Soongs filed their substantive response to the petitions. *See* Docket No. 33 (response). The substantive response simply reiterated the Soongs' contention that the Oregon Street address is not their dwelling or usual place of abode.

Subsequently, briefing on the Soongs' motion for an interlocutory appeal was completed and, on March 10, 2014, the Court denied the Soongs' motion. The Court determined that the Soongs did not meet the standard to take an interlocutory appeal and further stated that, even if it were to consider the motion as one for reconsideration, the motion would still be denied. *See* Docket No. 39 (order).

Thus, at this juncture, the question is whether the Soongs have a substantive basis for opposing the petitions to enforce summonses. A hearing was held on March 27, 2014, to address this issue.

## II. DISCUSSION

"The IRS may issue a summons pursuant to [26 U.S.C.] § 7602 for the purpose of 'ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability.'" *Action Recycling Inc. v. United States*, 721 F.3d 1142, 1144 (9th Cir. 2013). To enforce a summons, the government must satisfy the factors set forth in *United States v. Powell*, 379 U.S. 48 (1964). That is, the government must "'show that [1] the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the Commissioner's possession, and [4] that the administrative steps required by the

Code have been followed.'" *Action Recycling*, 721 F.3d at 1144-45 (quoting *Powell*, 379 U.S. at 57-58).

Once the government has established a prima face case with respect to the *Powell* elements,[1] the burden shifts to the respondent contesting the summons. "Without a doubt, this burden is a heavy one." *Id.* at 1146 (internal quotation marks omitted); *see also La Mura v. United States*, 765 F.2d 974, 979-80 (11th Cir. 1985) (stating that "the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process").

In the instant case, the United States has met its burden of meeting the first three *Powell* requirements, largely through the verification of the petitions by Jaya Balu, an IRS employee. *See id.* at 1144 (stating that it was not disputed that special agent's declaration satisfied the *Powell* requirements and that therefore the government had "established a prima facie case to enforce the summonses"). Notably, in their substantive response, the Soongs make no argument with respect to the first three *Powell* requirements. Furthermore, the Soongs conceded at the March 27 hearing that they were not contesting the first three *Powell* requirements. The only issue is whether the government has met the last *Powell* factor.

In the verified petition, the government states that it has complied with all the administrative steps required by the Internal Revenue Code. *See* Docket No. 1 (Pet. ¶ 14) ("All administrative steps required by the Internal Revenue Code for issuance of the summons have been taken."). In response, the Soongs argue that all administrative steps have not been satisfied, "in particular, that 'the Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has *notified* the taxpayer in writing to that effect." *Powell*, 379 U.S. at 58 (emphasis added). Here, there is no dispute that the Soongs have been notified of the IRS's determination that further examination of their returns is necessary. Regardless of whether service was technically served at their last and usual place of abode, they received notice of the summonses and through counsel have appeared herein.

---

[1] *See also United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993) (stating that, to obtain enforcement of a summons, the IRS must establish its good faith by showing the four *Powell* requirements; adding that a prima facie case of good faith is typically made through the sworn declaration of the revenue agent who issued the summons).

The Soongs contend that the fourth *Powell* factor is not satisfied because of the IRS's failure to comply with 26 U.S.C. § 7603, which requires that "[a] summons . . . shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." 26 U.S.C. § 7603. Here, the government served the summonses by leaving them at the Oregon Street address, which the government maintains is the Soongs' last and usual place of abode. *See* Docket No. 1 (Pet. ¶ 10 & Ex. A) (confirming service of summons by leaving a copy at the last and usual place of abode, as permitted by 26 U.S.C. § 7603). In response, the Soongs argue that the facts do not "establish that [the Oregon Street address] was [their] place of abode, dwelling, residence or even occasional travel stop in December 2012 when the summonses were left taped to the door[;] [t]his was the Soongs' mailing address, nothing more." Resp. at 5.

The Court finds the Soongs' position without merit. First, since the Soongs received actual notice of the summonses and have responded, it would appear that the fourth *Powell* factor has been satisfied. Second, even if complete compliance with § 7603 were deemed part of the administrative steps the IRS were required to follow, as the Court concluded in its order denying the Soongs' motion to dismiss, estoppel bars the Soongs from asserting that the Oregon Street address is not their last and usual place of abode. *See, e.g.*, *craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 515 (N.D. Cal. 2011) (Ware, J.) (stating that "a defendant who has repeatedly represented to either the plaintiff or to outside parties that one residence is his place of usual abode may be estopped from later contesting that said residence was the proper location for service of process"). While the Court has not found a case in which estoppel has been applied in the § 7603 context, the Court sees no material reason why estoppel should apply any differently in the § 7603 context than in the Rule 4 context. Like Rule 4, Section 7603 is, at bottom, a service-of-process statute.

Third, the Soongs are effectively asking the Court to reconsider its prior ruling that the Oregon Street address is their home, and not simply mailing, address, but they have failed to show that reconsideration is appropriate pursuant to Civil Local Rule 7-9. The Soongs present new evidence to support their claim that the Oregon Street address is not their home address, but, notably, all of that evidence is evidence that easily could have been submitted as part of their earlier motion to dismiss. *See* Civ. L.R. 7-(b)(1) (providing that a party seeking leave to file a motion for

reconsideration must show, *e.g.*, that "a material difference in fact . . . exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought[;] *[t]he party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact . . . at the time of the interlocutory order*") (emphasis added).

Finally, even if the Court were to consider the Soongs' new evidence, it still would not rule in their favor. For the reasons articulated in the Court's order denying the Soongs' motion for an interlocutory appeal, the government has made out a prima facie case that the Oregon Street address is the Soongs' last and usual place of abode. *See* Docket No. 39 (order). The burden thus shifts to the Soongs to prove to the contrary and, "[w]ithout a doubt, this burden is a heavy one." *Action Recyling*, 721 F.3d at 1146 (internal quotation marks omitted). The Soongs have not met this burden.[2]

The Soongs have not pointed to any evidence where they or their representatives ever informed the IRS (or even state taxing authorities) that the Oregon Street address was not their home address. Moreover, the new declaration from Henry Soong, the Soongs' son, lacks credibility. In the new declaration, Henry Soong claims that he never told the IRS officer that his parents were "traveling"; he simply told the IRS officer that his parents "'are not here.'" Docket No. 31 (Henry Soong Decl. ¶ 10). But in his earlier filed declaration (submitted as part of the reply in support of the Soongs' motion to dismiss for improper service), Henry Soong never disputed the "traveling" statement he allegedly made even though he easily could have. *See* Docket No. 28-1 (Henry Soong Decl.). Finally, the new declarations from Mr. Soong and his doctors indicate that Mr. Soong has not been in the United States since July 2007 and that his doctors have recommended that he not undertake any long-distance air flight. But these are largely self-serving declarations provided late in the day (*i.e.*, well after the motion to dismiss in which the Soongs first challenged the Oregon

---

[2] To the extent the government has argued that it need only substantially comply with the requirements of § 7603, the Court acknowledges that there is authority in support. *See, e.g.*, *United States v. Richey*, 632 F.3d 559, 564-65 (9th Cir. 2011). But *Richey* is not entirely on point. In *Richey*, the Ninth Circuit permitted service of process by certified mail rather than by personal service (as required by § 7603). *See id.* But here, the issue is not whether the *means* of service was appropriate; rather, it is whether the Oregon Street address was in fact the Soongs' last and usual place of abode.

5

United States District Court
For the Northern District of California

Street address being their home address) and, given the Soongs' heavy burden, are insufficient to refute the Soongs' repeated use of the Oregon Street address in correspondence with both federal and state authorities, wherein the Soongs have never suggested that the Oregon Street address was not their home address.

As a last ditch effort, the Soongs argue that the government could have obtained information from customs to determine whether or not they had ever been present in the United States since 2007 (Mr. Soong) and 2009 (Mrs. Soong). But here the Soongs have missed the point. Because the government has established a prima facie case, it is now *the Soongs'* burden to show that the Oregon Street address is not their home address. For the reasons stated above, they failed to do so.

### III. CONCLUSION

For the foregoing reasons, the Court grants the government's petitions to enforce the IRS summonses. In so granting, the Court notes that the government has modified its request for enforcement, as stated at the March 27 hearing. More specifically, the government no longer requests that the Soongs physically appear in the United States to provide testimony and instead limits its request to the production of documents only.

As the Court is granting the government's petitions, the Clerk of the Court shall administratively close both of the cases involving the Soongs (*i.e.*, Nos. C-13-4088 EMC and C-13-4089 EMC). However, the administrative closure shall not bar the government from seeking relief from this Court should, *e.g.*, the Soongs refuse to produce documents.

IT IS SO ORDERED.

Dated: March 28, 2014

_____
EDWARD M. CHEN
United States District Judge

6