UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>WEN-BING SOONG,<br><br>    Respondent.<br>_____/<br>UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>HSIN-JUNG SHIRLEY SOONG,<br><br>    Respondent.<br>_____/ | No. C-13-4088 EMC<br><br>**RELATED TO**<br><br>No. C-13-4089 EMC<br><br>**ORDER GRANTING PETITIONER UNITED STATES OF AMERICA'S MOTION FOR AN ORDER FINDING RESPONDENTS IN CONTEMPT**<br><br>**(13-cv-4088, Docket No. 49; 13-cv-4089, Docket No. 46)** |

Currently pending before the Court are the Government's identical motions for an order finding Respondents Wen-Bing Soong and Hsin-Jung Shirley Soong in contempt of court for failing to produce documents pursuant to an earlier order of this Court. There is no dispute that the Soongs, who are husband and wife, have not produced any documents since this Court issued its order on March 28, 2014. *See* Docket No. 43 (Enforcement Order).[1] Thus, the Court **GRANTS** the

---

[1] The IRS filed identical petitions against the Soongs in two separate cases that were later related by this Court. The Court's prior orders have been entered on both dockets, and the motions pending before the Court are identical and were filed in each case. For ease of citation, the Court's references to docket entries in this order are to entries on the docket in case number 13-cv-4088.

Government's motions, finds the Soongs in civil contempt, and hereby **FINES** the Soongs $500 per day ($1,000 per day collectively as a couple) that they remain out of compliance with this Court's order. As stated at the hearing on this matter, fines will begin to accrue on Friday, September 11, 2015, and shall continue to accrue on a daily basis thereafter until the Soongs comply with this Court's order.

## I. FACTUAL & PROCEDURAL BACKGROUND

The Government initiated this action on September 4, 2013, when the Internal Revenue Service (IRS) filed a verified petition to enforce IRS summonses that had been issued to the Soongs. Docket No. 1. The identical summonses seek numerous categories of documents from the Soongs, including foreign bank records and foreign brokerage or securities accounts records. *Id.* at 11. The Government seeks these documents because the IRS believes that the Soongs failed to report substantial earnings to the IRS during at least the 2004-2007 tax years, and have deposited significant sums of undeclared income into foreign bank accounts and trusts. *See id.* at 2 (alleging that the Soongs failed to report over $200 million in annual revenues earned from a privately held corporation, and further alleging that the Soongs deposited at least $10 million in foreign bank accounts without disclosure of such to the IRS in their tax returns).

The Soongs moved the Court to dismiss the petitions on the basis that they had not been properly served. Docket No. 19. The Court denied the motion (as reflected in a minute order) on February 7, 2014, concluding that the government had established a prima facie case that the Soongs were properly served at a home located in Union City, California, which home the Court found was the Soongs' dwelling or usual place of abode. *See* Docket No. 29 (minute order). The Court ordered the Soongs to file – no later than February 20, 2014 – a substantive response to the petitions to enforce summonses. *See* Docket No. 29. The hearing on the substantive response was set for March 27, 2014.

One week before their substantive response was due, the Soongs filed a motion for an interlocutory appeal. *See* Docket No. 32. More specifically, the Soongs asked the Court to certify for an interlocutory appeal its order finding that the government had established a prima facie case

of proper service. A week later, on February 20, 2014, the Soongs filed their substantive response to the petitions. *See* Docket No. 33. The substantive response simply reiterated the Soongs' contention that the Union City address (where the IRS served the summonses and the petition for enforcement in this action) is not their dwelling or usual place of abode, and thus they had not been properly served.

Subsequently, briefing on the Soongs' motion for an interlocutory appeal was completed and, on March 10, 2014, the Court denied the Soongs' motion. The Court determined that the Soongs did not meet the standard to take an interlocutory appeal and further stated that, even if it were to consider the motion as one for reconsideration, the motion would still be denied. *See* Docket No. 39 (order).

The Court held a hearing on March 27, 2014, regarding the merits of the IRS's petitions to enforce its summonses. Docket No. 42. The Court found that the IRS had met its burden to show that the Court should enforce the summonses, and that the Soongs had failed to raise any substantive basis for opposing the IRS's petition to enforce. Enforcement Order at 1-6. Indeed, the Soongs conceded that the IRS had satisfied the first three of four *Powell* factors that governed the IRS's motion to enforce its summonses. *See id.* at 3; *see also United States v. Powell*, 379 U.S. 48 (1964).[2] Once again, the Soongs' only defense was that the IRS failed to adequately serve them. Enforcement Order at 4. And once again, the Court rejected the Soongs' argument regarding service, finding that: (1) the Soongs received actual notice of the summonses and responded, which would appear to satisfy the fourth *Powell* factor; and (2) estoppel bars the Soongs from asserting that the Union City address (where they were allegedly served) is not their last and usual place of abode. *Id.* Thus, the Court granted the IRS's petitions to enforce the summonses. *Id.* at 6.

The Soongs filed a notice of appeal of this Court's Enforcement Order on May 19, 2014. Docket No. 46. The Soongs' appeal is currently pending before the Ninth Circuit. *See* Ninth Circuit

---

[2] *Powell* requires the IRS to "'show that [1] the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the Commissioner's possession, and [4] that the administrative steps required by the Code have been followed.'" *Action Recycling*, 721 F.3d at 1144-45 (quoting *Powell*, 379 U.S. at 57-58).

Case No. 14-15987. According to the Ninth Circuit docket briefing was completed on February 26, 2015, but as of the date of this order, the appeal has not yet been calendared for oral argument.[3] The Soongs never filed a motion for a stay of this Court's Enforcement Order either in this Court or in the Ninth Circuit. There is no dispute that the Soongs have not produced any of the documents or records listed in the IRS summonses that this Court enforced via its Enforcement Order.

## II. DISCUSSION

"A court has the inherent power to punish for civil or criminal contempt any obstruction of justice relating to any judicial proceeding." *Lambert v. Montana*, 545 F.2d 87, 88 (9th Cir. 1976) (citing *United States v. Wilson*, 421 U.S. 309 (1975)). As the Supreme Court has explained, civil contempt sanctions are "designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

As the Supreme Court has explained, where the IRS seeks civil contempt sanctions against a party who has failed to produce records in accordance with a Court order enforcing IRS summonses, the "government, in a contempt proceeding, meets its initial burden by showing only a failure to comply" with the Court's order. *United States v. Rylander*, 460 U.S. 752, 755 (1983). If the Government shows that the alleged contemnor has not complied with the Court's order, the "burden is then on the defendant to come forward with evidence showing categorically and in detail why he is unable to comply." *Id.* (internal quotation marks and citation omitted); *see also id.* at 760-61 (explaining that a taxpayer was properly found "in contempt for failure to comply with a previous order of the District Court enforcing an IRS summons against him" where the taxpayer was unable to show that he was unable to comply with the order).

---

[3] The Court notes that the Soongs requested and received three extensions to the deadline to file their opening brief from the Ninth Circuit motions panel, despite the fact that the sole argument raised on appeal – personal jurisdiction – is fairly straightforward and had been pressed repeatedly before this Court.

Here, the Soongs do not dispute that they have not complied with this Court's Enforcement Order. *See* Docket No. 53 (Opposition Brief) at 2 (acknowledging "the Soongs' failure to comply with the Enforcement Order"). Rather, the Soongs maintain that this Court cannot find the Soongs in contempt because this Court has no jurisdiction over the Soongs. The Soongs make two arguments.

First, they seem to suggest that this Court does not have jurisdiction to find them in contempt of this Court's Enforcement Order because the Soongs' appeal of that Order is currently pending before the Ninth Circuit. However, it is well established that a district court "retain[s] a limited equitable jurisdiction to enforce its orders" even after a notice of appeal has been filed. *Kelley v. C.I.R.*, 45 F.3d 348, 351 n.5 (9th Cir. 1995); *see also Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976) (holding that an appeal from a district court order does not divest the district court of jurisdiction to enforce its order). Or, as the Sixth Circuit has held, "[w]here, as here, the district court is attempting to supervise its judgment and enforce its order through civil contempt proceedings, pendency of appeal does not deprive it of jurisdiction for these purposes." *Island Creek Coal Sales Co. v. City of Gainesville*, 764 F.2d 437, 440 (6th Cir. 1985). Thus, the Court finds that it retains the authority to enforce compliance with its order irrespective of the fact that the Soongs' appeal of the Enforcement Order is currently pending.

Alternatively, the Soongs again argue that this Court lacks personal jurisdiction over them because they are currently living abroad, and any attempted service on them at their Union City home was improper and legally ineffectual. *See* Opp. Br. at 4. Thus, the Soongs contend that "there is *no* personal jurisdiction for the district court until the Ninth Circuit says there is. Absent a final determination that this Court has jurisdiction over the Soongs, there is no jurisdiction to support the issuance of a Contempt Order." *Id.* (emphasis in original). The Soongs have the law backwards. As the Supreme Court has squarely held, "[i]t would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." *Rylander*, 460 U.S. at 756 (quoting *Maggio v. Zeitz*, 333 U.S. 56, 69 (1948)). Or, as the Ninth Circuit has stated this basic principle of law: "Disagreement with the court is not an

excuse for failing to comply with court orders." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990); *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1168 (9th Cir. 1994) (same). This Court has already determined that it *does* have jurisdiction over the Soongs, and until the Soongs prove otherwise, they are obligated to comply with this Court's orders. *See Adriana*, 913 F.2d at 1412. If the Soongs did not want to comply with this Court's Enforcement Order pending their appeal, they should have sought a stay of this Court's order either in this Court or before the Ninth Circuit. Having failed to do so, however, the Soongs have no valid excuse for failing to comply with the unambiguous command of this Court. The Soongs must produce the documents the IRS has requested in its summonses.

Because it is undisputed that the Soongs have not complied with this Court's Enforcement Order, and because it is beyond doubt that the Soongs have no valid excuse for this failure, the Court finds clear and convincing evidence that the Soongs are in contempt. *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989) ("As we have previously stated, civil contempt is appropriate when a party fails to comply with a specific and definite court order.") (citations omitted). In its motion, the Government asks this Court to impose a coercive fine on the Soongs in an effort to gain their compliance with this Court's Enforcement Order (*i.e.*, to get the Soongs to produce the documents requested by the IRS in its summonses). Where the Court issues a fine in an effort to gain the contemnor's compliance with one of the Court's orders, the Supreme Court has held that the fine amount must take into account "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Unites States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947); *see also Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 516 (9th Cir. 1992). "[I]n fixing the amount of a fine to be imposed as a . . . means of securing future compliance, [the Court should] consider the amount of defendant's financial resources and the consequent seriousness of the burden to that particular defendant." *United Mine Workers*, 330 U.S. at 304.

Here, the Court believes that a coercive daily fine should be imposed on the Soongs for each day they remain out of compliance with this Court's Enforcement Order. *See Bagwell*, 512 U.S. at 829 (explaining that civil contempt fines may be imposed to ensure compliance with a Court order

so long as the contemnor has a "subsequent opportunity to reduce or avoid the fine through compliance"). The Court finds that a fine of $500 a day per spouse (or $1,000 a day collectively as a couple) payable to the Court is the appropriate fine amount. The Soongs' appear to have tremendous financial resources – the IRS has stated that the Soongs' privately held corporation earned revenues in excess of $200 million annually, and the Soongs apparently deposited at least $10 million in a foreign bank account – and thus a lesser fine amount is unlikely to secure their compliance with this Court's order. Moreover, the Court believes this fine amount is appropriate in light of the lengthy period of non-compliance with the IRS's summonses, and the risk that further delay will prejudice the IRS's investigation if the evidence sought in its summonses is lost or destroyed. The Soongs have made no effort to comply with this Court's order for nearly a year-and-a-half, and have refused to comply with the IRS investigation for years before that. The Soongs' should not be permitted to put off compliance any longer.

### III. CONCLUSION

The Soongs admit that they have not complied with this Court's Order Enforcing the IRS's document summonses. Thus, the Soongs are in contempt. Beginning Friday, September 11, 2015, the Soongs shall pay a daily fine to the Clerk of Court in the amount of $500 per person ($1,000 total) until they come into substantial compliance with this Court's order.

This order disposes of Docket Nos. 46 and 49.

IT IS SO ORDERED.

Dated: September 3, 2015

EDWARD M. CHEN
United States District Judge